# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 18-cv-873

| | |
|---|---|
| Margaret Norby, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Home Energy Center, Inc. and Home Depot U.S.A., Inc., <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

For her class action complaint against Home Energy Center, Inc. and Home Depot U.S.A., Inc., Plaintiff Margaret Norby states and alleges as follows based on her personal knowledge, on investigations of counsel, and on information and belief:

## INTRODUCTION

1. This is a lawsuit to recover damages arising from Defendants' impermissible access of Plaintiff's credit report in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f).

## PARTIES

2. Plaintiff, Margaret Norby (hereinafter "Plaintiff"), is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

3. Defendant Home Energy Center, Inc. (hereinafter "Defendant Home Energy") is a home energy retail store doing business in the State of Minnesota. Defendant Home Energy's headquarters are located at 2414 Annapolis Lane North #170, Plymouth, MN 55441. Defendant Home Energy is a "person" as defined by 15 U.S.C. § 1681a(b).

4. Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant HD") is a home energy retail store doing business in the State of Minnesota. Defendant HD's headquarters are located at 2455 Paces Ferry Road NW, Atlanta, GA 30339. Defendant HD is a "person" as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because the credit report inquiry at issue occurred in this District, Plaintiff lives in the District and Defendants conduct business in the District.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant Home Energy from August 2016 through June 9, 2017, when Plaintiff left the employ of Defendant Home Energy.

8. On or about July 20, 2017, Plaintiff received a notification in the mail from Defendant HD and non-party First Advantage, that pursuant to Defendants' request, a Consumer Report (as that term is defined at 15 U.S.C. §1681) that was obtained by Defendants.

2

9. Plaintiff was shocked that almost two months after Plaintiff had left her employment with Defendants that it had illegally obtained and used a copy of her Consumer Report.

10. Plaintiff only discovered that Defendants illegally obtained and used Plaintiff's consumer report when she received the letter from First Advantage on July 20, 2017.

11. Plaintiff at no time consented to Defendants obtaining and using her consumer report nor at any time did Plaintiff fill out an employment application for Defendants after her departure from Defendant Home Energy's employ on or about June 9, 2017.

12. Defendants' obtaining and use of Plaintiff's consumer report was done with willful and reckless disregard for Plaintiff's rights under the FCRA.

13. Plaintiff has suffered from stress, anxiety, and fear over Defendants' illegal obtaining and use of her Consumer Report.

14. Defendants failed to notify its vendor First Advantage to cease obtaining consumer reports on its behalf after employees like Plaintiff left its employ.

15. Defendants did not alert its former employees like Plaintiff of the illegal and impermissible consumer report obtainments.

## CLASS ALLEGATIONS

16. This action is brought on behalf of a class consisting of: "*All persons whose First Advantage consumer report was accessed by Defendants within two years prior to the filing of this complaint through to the present, after such persons left the employment of Defendants.*" The class consists of primarily of persons who at some point was an employee with Defendants, and had their consumer reports pulled at

some time after they left their employment with Defendants. The class period begins two years before the date this case was filed and continues through the conclusion of this case.

17. The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding: *All (1) Counsel for Plaintiffs and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

18. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendants have unlawfully accessed the credit files of approximately forty (40) consumers in the United States.

19. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendants' conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA.

20. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendants.

21. The Plaintiff will fairly and adequately protect the interests of the class, and is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions of this type and consumer claims. Neither Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue this claim.

22. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the Constitution and Federal Rule of Civil Procedure 38(b).

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –

## 15 U.S.C. § 1681 et seq.

25. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

26. The foregoing acts and omissions of Defendants constituted numerous and multiple violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681b(f).

27. As the direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered mental and emotional distress and mental anguish.

28. Defendants willfully and recklessly failed to adhere to the permissible purpose limitations of 15 U.S.C. § 1681b(f).

29. In the alternative, Defendants negligently failed to adhere to the permissible purpose limitations of 15 U.S.C. § 1681b(f).

30. Plaintiff is entitled to recover from Defendants compensatory damages, statutory damages, punitive damages, and attorney's fees and expenses pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that a judgment and order be entered against Defendants as follows:

- certifying the action as a class;
- awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.*; and
- for such other and further relief as may be just and proper.

Dated this 30th day of March, 2018.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
Katelyn R. Cartier, Esq.
Attorney I.D. #: 0398935
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommy@consumerjusticecenter.com
Email: kcartier@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*